IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Respondent, | | No. CR S-03-0336 GEB GGH P |
| vs. | | |
| ARNOLD HAILASSIE, | | ORDER AND |
| Movant. | | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

        Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Movant challenges his 2005 conviction for conspiracy to exchange a stolen U.S. treasury check in violation of 18 U.S.C. § 371, 501(b), and conspiracy to commit fraud with stolen identification information in violation of 18 U.S.C. § 371, 1028(a)(7). Movant was sentenced to 45 months on each count to be served concurrently.

        Movant raises eight claims challenging his sentence: 1) the court lacked jurisdiction to impose extra-verdict enhancements upon movant; 2) Booker was erroneously decided; 3) the court's burden of proof for any enhancements should be beyond a reasonable doubt and not a mere preponderance of the evidence; 4) the district court should be required to comply with Fed. R. Crim 32(c)(1) by making the required findings regarding movant's role in the offense and his criminal history score; 5) the district court erred in giving movant two level

1

upward adjustments for more than minimal planning; 6) the district court breached the plea agreement by upwardly adjusting movant's sentence by two levels pursuant to 2F1.1(b)(5)(c); 7) movant's base offense should have been downwardly adjusted by three levels pursuant to U.S.S.G. 2X1.1(b)(1); 8) the district court erred in using movant's expunged misdemeanor to upwardly increase his criminal history category.

For the following reasons, the court recommends that the motion be dismissed.

In his plea agreement, movant waived his right to bring a motion pursuant to 28 U.S.C. § 2255:

> 32. If the defendant is sentenced in accordance with this plea agreement, then the defendant agrees to waive all rights to appeal his guilty plea, the sufficiency of the evidence against him, and to attack collaterally his guilty plea and the sufficiency of the evidence against him, pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255. Further, the defendant agrees to waive all rights to appeal his sentence and to attack collaterally his sentence, pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255.

Respondent's Exhibit A, ¶ 32.

A plea agreement waiving the right to bring a § 2255 motion is enforceable, but for claims alleging involuntariness of plea. United States v. Pruitt, 32 F.3d 431, 432 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). Movant does not raise any claims challenging the voluntariness of his plea.

The claims raised in the instant motion challenge movant's sentence. The plea agreement is ambiguous as to whether movant's right to raise these claims in a § 2255 motion are waived only if he is sentenced in accordance with his plea agreement. That is, by its terms the waiver paragraph does not expressly link the waiver of review on sentencing to a "sentence[] in accordance with this plea agreement." However, one could reasonably infer that the waiver of any type of review was linked to being sentenced in accordance with the plea agreement. Because review of extrinsic circumstances does not resolve this ambiguity, the court construes the unclear term in movant's favor. U.S. v. Clark, 218 F.3d 1092, 1096 (9th Cir. 2000).

Accordingly, the claims raised in the instant motion, regarding sentencing, are waived only if movant was sentenced in accordance with his plea agreement.

According to the plea agreement, respondent agreed not to prosecute movant for conduct concerning his use, without authorization, of identification information which was previously disclosed. Respondent's Exhibit A, ¶ 12. Respondent agreed to recommend a reduction of movant's sentence pursuant to U.S.S. G. § 5K1.1 if he provided substantial assistance to the government. Id., ¶14. The plea agreement contained no other obligations by the government regarding sentencing. Id., pp. 6-7. The plea agreement also provided that the maximum penalty movant faced for each of his violations was up to five years imprisonment, up to $250,000 in fines and restitution, and a term of supervised release of three years. Id., ¶ 15.

The plea agreement further provided that movant's sentence would be determined by the court pursuant to the Sentencing Reform Act of 1984. Id., ¶ 22. In the plea agreement, the parties agreed that any incriminating information provided by movant during proffers, grand jury testimony and cooperation would not be used in determining the applicable guideline range. Id., ¶ 26. The parties stipulated that no increases or decreases to offense levels were applicable under U.S.S.G. §§ 3B1.1, 3b1.2 and 3B1.3. Finally, the agreement provided that movant understood that to be eligible for the three level reduction in offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, movant had to provide truthful information to the U.S. Probation Office. Id., ¶ 27.

Movant was sentenced in accordance with his plea agreement. Movant was sentenced to 45 months, i.e. 3 years and 9 months, for each count. Respondent's Exhibit D, p. 40. He was ordered to pay restitution of $75,687.67. Id. At the sentencing hearing, the Government moved under U.S.S.G. § 5K1.1 for a downward departure of 12 months, which the court granted. Respondent's Exhibit D, p. 39. At the sentencing hearing, the government argued that movant was not entitled to a three level adjustment for acceptance of responsibility, to which the court agreed. Id., p. 38.

1   In his reply, movant argues that respondent breached the section of his plea
2   agreement prohibiting further prosecution for previously disclosed "misconduct" because his
3   sentence was enhanced by previously disclosed "misconduct." Use of this "misconduct" to
4   enhance movant's sentence does not constitute further prosecution. Had charges been filed
5   against movant based on this "misconduct," the court may have found a breach of the plea
6   agreement.

7   Movant also argues that at his change of plea hearing, the court advised him that
8   he could file a § 2255 motion. At the change of plea hearing, the attorney for the United States
9   stated that the plea agreement included a waiver of the right to direct and collateral or habeas
10  appeal rights. Respondent's Exhibit B, p. 9. The court then asked movant if those were the
11  terms of the plea agreement as he understood them. Id., p. 10. Movant replied, "That's correct,
12  yes." Id. The court later advised movant that under "some circumstances," he or the government
13  had the right to appeal the sentence that the court imposed. Id., p. 13. Despite the non-
14  description of what "circumstances" were included in the court's advisement, the defendant
15  indicated he understood this as well. Id. Based on this statement, movant now argues that he
16  understood that he could file a § 2255 motion.

17  It is true that under some circumstances an appeal or § 2255 motion may be filed
18  despite a waiver in the plea agreement. Those circumstances, as the undersigned knows them,
19  are that the guilty plea was not voluntary, or the waiver of appeal, as a subset of the plea, suffered
20  from a similar defect, or the plea agreement was breached by the prosecutor. See also United
21  States v. Schuman, 127 F.3d 815, 818 (note), Kozinski, J. concurring. Those circumstances are
22  not present here. It is also true that the oral pronouncements of the district judge, which inform
23  the defendant that he may appeal, despite the wording in the plea agreement, can void the waiver
24  of appeal or habeas review. United States v. Buchanan, 59 F.3d 914, 917 (9th Cir. 1995). In
25  Buchanan, the district judge twice advised the defendant he could appeal, despite the waiver of
26  appeal contained in the plea agreement, and the defendant indicated that he understood he had

4

the right to appeal. The prosecutor remained completely silent about the judge's pronouncements. However, those circumstance are not present here. Rather, the situation here is more akin to United States v. Schuman, supra, although movant's situation is not on-point to this case. In Schuman, the judge advised the defendant that he had the right to appeal, but the prosecutor objected. The judge then told the defendant that he may have the right to appeal, but he was unsure. This colloquy was held not to affect the validity of the plea agreement waiver of appeal.[1]

      Movant herein signed the plea agreement containing the waiver; the waiver of appeal was read to him by the prosecutor in court at the time movant entered his guilty plea, and movant personally affirmed the terms of the agreement. Movant never indicated that he was confused by his general waiver of appeal and habeas review in light of the "some circumstances" which would allow review. He was also informed again at sentencing that he had waived his right to appeal, Respondent's Exhibit 5 at 41, and he did not say a word. Under these circumstances, the undersigned finds that the plea agreement waiver of appeal and habeas review remained intact.

      On July 26, 2006, movant filed a motion for release on bail pending the outcome of his § 2255 motion. On October 4, 2006, movant filed a motion for appointment of counsel. Because the § 2255 motion should be denied, the motion for release on bail should be denied and the motion for appointment of counsel is denied.

      Accordingly, IT IS HEREBY ORDERED that movant's October 4, 2006, motion for appointment of counsel is denied;

---

[1] The undersigned completely agrees with what Judge Kozinski stated in his concurrence about the "glue trap" of Ninth Circuit jurisprudence on advice to a defendant on appeal waiver, and with what Judge Burrell did here. Any attempt at plea colloquy to categorize *all* the circumstances which might permit an appeal despite the appeal waiver would make the plea colloquy unintelligible on the issue of waiver of appeal. Any other holding would be like advising a citizen via signage that he absolutely may not jump off a bridge on penalty of imprisonment, but then setting forth in the sign possible legal exceptions to the admonition. Simplicity has its good points.

IT IS HEREBY RECOMMENDED that:

1. Movant's July 26, 2006, motion for release on bail be denied;

2. Movant's June 26, 2006, motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be dismissed; and

3. The clerk of the court be directed to close the companion civil case No. CIV 06-1415.

These findings and recommendations are submitted to the United States District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, movant may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Movant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 2/22/07                                          /s/ Gregory G. Hollows

    GREGORY G. HOLLOWS
    UNITED STATES MAGISTRATE JUDGE

hai336.257