IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                                  No. CR S-03-0336 GEB GGH P

    vs.

ARNOLD HAILASSIE,

    Movant.                                       <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        On February 20, 2008, movant, a federal prisoner, filed a motion pursuant to the All Writs Act, 28 U.S.C. § 1651. Movant was convicted in 2005 of conspiracy to exchange a stolen U.S. treasury check in violation of 18 U.S.C. § 371, 501(b), and conspiracy to commit fraud with stolen identification information in violation of 18 U.S.C. § 371, 1028(a)(7). Movant was sentenced to 45 months on each count to be served concurrently.

        In the pending motion, movant seeks to vacate the term of his supervised release. Movant argues that supervised release was not part of the sentence he agreed to.

        Claims that seek to vacate, set aside or correct federal sentences should be brought pursuant to 28 U.S.C. § 2255 rather than the All Writs Act. Accordingly, the court construes this action as having been brought pursuant to 28 U.S.C. § 2255.

        Court records indicate that movant previously brought a § 2255 motion that was

1

dismissed on the merits on May 1, 2007.[1]  Because the instant motion is a second or successive motion, it must be certified as provided in section 28 U.S.C. § 2244 by the Ninth Circuit Court of Appeals before it may be brought in this court.  See 28 U.S.C. § 2255.  Because movant has not been authorized by the Ninth Circuit to bring this successive or second motion, it must be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that movant's February 20, 2008, motion to vacate the terms of his release, construed as a motion pursuant to 28 U.S.C. § 2255, be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  04/04/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

hail.dis

---

[1] The court found that movant had waived the ability to seek judical review of his plea and sentence.  Thus, the dismissal of the first § 2255 motion was on the merits.